Case4:11-cv-01809-DMR Document39 Filed06/16/11 Page1 of 11

SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
rward@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

Attorneys for Defendants
Christopher Clark and RS Investments

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KETAN DESAI,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER CLARK and RS INVESTMENTS,<br><br>Defendants. | Case No. C11-01809 DMR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CHRISTOPHER CLARK AND RS INVESTMENTS' MOTION TO DISMISS**<br><br>Date: July 28, 2011<br>Time: 11:00 a.m.<br>Judge: Magistrate Donna M. Ryu |

Case No. C11-01809 DMR
MPA ISO DEFENDANTS CHRISTOPHER CLARK AND RS INVESTMENTS' MOTION TO DISMISS

Defendants Christopher Clark and RS Investments (collectively "Defendants"), through its undersigned counsel, submit this Brief in Support of Defendants' Motion to Dismiss.

## I. ISSUES TO BE DECIDED

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff, after a couple of attempts, has failed to plead the elements of defamation. Defendants seek to dismiss on the grounds that the statements on which Plaintiff sues for defamation are not, as a matter of law, defamatory. Defendants also seek to dismiss on the grounds that Plaintiff has failed to plead all elements necessary to state a *prima facie* case of defamation.

## II. FACTUAL BACKGROUND

### A. Procedural History

This case already has a long and tortured procedural history.

On or about July 1, 2009, Plaintiff, proceeding *pro se*, initiated this action by filing a Complaint in the Eastern District of Pennsylvania against Defendants Christopher Clark and RS Investments, alleging defamation on Defendants' part, purported to have occurred during an Internet blog exchange between the parties on a financial news website (the "First Complaint"). Plaintiff filed a faulty proof of service with the Eastern District of Pennsylvania which resulted in a motion to quash service of process and an Order To Show Cause why the matter should not be dismissed for lack of prosecution. Plaintiff responded with several *ex parte* communications to the Eastern District of Pennsylvania, none of which were posted on the Court's docket. On or about July 6, 2010, Plaintiff served Defendants with another document purported to be a Complaint (the "Second Complaint") which differed in substance from the First Complaint. The Second Complaint did not seem to have been filed and did not appear on the Eastern District docket.

After the death of Thomas M. Golden of the Eastern District of Pennsylvania, the case was reassigned to the Honorable Norma L. Shapiro of the Eastern District of Pennsylvania. On or about August 20, 2010, Judge Shapiro entered an Order instructing Plaintiff to advise the Court in writing on or before August 31, 2010 as to whether Plaintiff intended to proceed with this action. By letter dated August 24. 2010, Plaintiff informed the Court that he did intend to proceed with

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 9 4111

this matter. Despite Plaintiff's questionable attempts at service, in light of Plaintiff's August 24, 2010 letter, Defendants filed a Motion for a More Definite Statement on September 1, 2010 so that Defendants could properly assess Plaintiffs claims and determine whether Plaintiff appropriately alleged jurisdiction and/or asserted a valid cause of action against Defendants. On September 14, 2010, Judge Shapiro entered an Order granting Defendants' Motion for a More Definite Statement, directing Plaintiff to file an Amended Complaint on or before October 4, 2010.

Plaintiff thereafter filed a document titled Response to Brief Regarding More Definite Statement, an odd title given that issue of a more definite statement had already been ruled upon by the Court, wherein Plaintiff appeared to attempt to assert his allegations against Defendants in more detail. By correspondence dated October 18, 2010, Judge Shapiro informed the parties that Plaintiffs Response to Brief Regarding More Definite Statement (hereinafter "Amended Complaint") was to be treated as Plaintiffs Amended Complaint. This "Response" document, with a docket date of September 30, 2010, was thus treated as the operative complaint in this action, and remains so.

On November 8, 2010, Defendants moved to dismiss Plaintiff's Amended Complaint. Defendant's first ground for the motion was lack of personal jurisdiction in Pennsylvania over Defendants. Defendants also moved to dismiss for failure to state a claim. Judge Shapiro granted the motion to dismiss, finding no personal jurisdiction and ordering the case transferred. The Court did not reach whether the Amended Complaint stated a claim.

The case has now been transferred to the Northern District of California.

**B. Statement of Facts**

In Plaintiff's Amended Complaint (the September 30, 2010 Response), the allegations of which Defendants accept as true for purposes of their Motion to Dismiss only, Plaintiff contends that he is a board certified internist and rheumatologist with a consulting business with biotechnology, pharmaceutical, and financial companies as his clients. Amended Complaint § 3(a). Plaintiff alleges that in this capacity he writes articles for the online financial website SeekingAlpha.com, a premier and reputed online financial news site frequented by financial

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

analysts, money managers, executives from respective industries, and individual investors. Amended Complaint § 3(a).

Plaintiff contends that on May 13, 2008, an article written by Plaintiff was published on SeekingAlpha.com wherein Plaintiff stated a drug named Flurizan, developed for Alzheimer's Disease by Myriad Genetics, would fail in its phase III pivotal trials. Amended Complaint § 3(b). Plaintiff further stated in said article that he had shorted shares of Myriad Genetics at $55/share. Amended Complaint § 3(b). Plaintiff contends that, on June 30, 2010, Myriad Genetics announced that Flurizan had failed, prompting Plaintiff to write another article wherein he stated that he "did not think the burn rate (i.e. company expenses) would go down substantially." Amended Complaint § 3(c). Plaintiff next maintains that, in response to his articles, defendant Christopher Clark ("Clark") of Defendant RS Investments commented on the website and misrepresented Plaintiff's position on two accounts, by: (1) stating that Plaintiff had advised shorting Myriad Genetics' stock at $41, when in fact Plaintiff had done so at $55; and (2) stating that Plaintiff was skeptical about Myriad Genetics becoming profitable, when in fact Plaintiff wrote that he was skeptical that the burn rate would go down significantly since most of the Flurizan expenses had already taken place, and that there was a pipeline of compounds being developed that would still require expenses. Amended Complaint ¶¶ 3(d) and (e). Plaintiff apparently infers these purported misrepresentations from the following comment allegedly written by Clark:

> Being right or making money. On May 13th (when you told us so) the stock closed at $41.25. After the negative news it never broke below $45. How exactly did you make money on this put trade again? And you doubt the rationale that they will be profitable in FY09? They are roughly break even right now and have substantial net outstanding losses. The diagnostics business is hugely profitable (45% operating margins when not spending on their DTC campaign, 40% when they are) and growing rapidly. When you have sustainable revenue, cut spending on dead programs and pay no taxes, that falls to the bottom line. $60mm/45mm shares = $1.33 from cutting that program alone. Nothing in their pipeline warrants a trial near the scale that they undertook with Flurizan -- that spend level is not coming back. Stick with collecting degrees, Doc. Maybe try English next -- one datum leads but many data lead.

Amended Complaint ¶ 3(d). Plaintiff contends Clark's statements in this regard constitute libel and slander. Amended Complaint ¶ 3(e).

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Additionally. Plaintiff alleges that Clark's "gratuitously insulting language and denigration of [Plaintiff's] education has caused great damage to [his] reputation." Amended Complaint ¶ 3(f). Plaintiff further contends that Clark "asked the website to delete [his] rebuttals," thereby leaving Plaintiff with no forum to respond to Defendant Clark's comments. Amended Complaint ¶ 3(g). In response to Defendants subsequent efforts to address Plaintiffs concerns, Plaintiff states that Defendants characterized the dispute as "a difference of opinion" when it was rather a "mischaracterization of someone's position." Amended Complaint ¶ 3(h). Finally, Plaintiff asserts that Defendants further slandered him when Mr. Benjamin Douglas called him a "delusional egomaniac" in an email to employees of RS Investments. Amended Complaint ¶ 3(i).

As a result of the above alleged conduct, Plaintiff purports to have sustained damages in that (1) his "consulting income has dropped by more than $200,000," although admittedly not all due to Defendant Clark's comments, and (2) he was denied a grant of $150,000 for clinical studies where "one of the comments related to the dispute at hand." Amended Complaint ¶¶ 5(a) and (b). Plaintiff's Amended Complaint also seeks punitive damages.

## III. ARGUMENT

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and therefore must be dismissed. When reviewing a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must be viewed in the light most favorable to the plaintiff and all its well-pleaded allegations must be accepted as true. *Erickson v. Pardus,* 551 U.S. 89, 93-94, 127 S.Ct. 2197 (2007). Where a plaintiff has asserted a cognizable legal theory of recovery -- in this case, defamation -- a defendant may move to dismiss based on the absence of sufficient facts to support the legal theory. *Shroyer v. New Cingular Wireless Services, Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010). A court must determine whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Cop. v. Twombly,* 550 U.S. 544, 556-57 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcrofi v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

### A. The Court Should Determine Whether The Alleged Statements Can Be Defamatory

Plaintiff's defamation claim is a state law claim. Plaintiff states that California law applies, although the action was initially filed in Pennsylvania. Because the substantive law of defamation is similar in both jurisdictions, the choice of which state's law to apply should not be significant to resolution of this case.

To state a claim for defamation, a plaintiff must plead (a) publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to inspire or that causes special damage. Cal. Civ. Code § 45, 46; *Smith v. Maldonado,* 72 Cal. App. 4th 637, 645 (1999); *see* also S. Witkin, Summary of California Law, § 529.[1]

Before a defamation case can proceed, the Court must make the important determination of whether the statements as issue, if proven, can be defamatory, *i.e.,* an injurious statement of fact rather than an opinion or a statement that is clearly hyperbolic, satirical, imaginative or rhetorical. *See Baker v. Los Angeles Herald Examines,* 42 Cal. 3d 254, 260-61 (1986). "[P]ure statements of opinion should not be actionable." *James v. San Jose Mercury News, Inc.,* 17 Cal. App. 4th 1, 12 (1993). The Court must make the threshold determination of "whether statements contain provable false factual assertions and whether they would reasonably be understood as assertions of fact as opposed to hyperbole, or loose figurative expression." *Weller v. American Broadcasting Companies, Inc.,* 232 Cal. App. 3d 991, 1002 n.9 (1991).[2]

### B. The Statements By Defendant Clark Are Not Defamatory As A Matter Of Law

The alleged defamatory statement is the post by Defendant Clark on the SeekingAlpha

---

[1] For the elements of defamation under Pennsylvania law, see *Beverly Enterprises, Inc. v. Trump,* 182 F.3d 183, 187 (3d Cir. 1999) (citing 42 Pa.C.S.§ 8343(a)). Before a defamation action moves forward, "[i]t is the function of the court to determine whether the challenged publication is capable of a defamatory meaning." *Thomas Merton Ctr. v. Rockwell Int'l Corp.,* 442 A.2d 213, 215-16 (Pa. 1981). .. The Pennsylvania Supreme Court has held that "[i]t is not enough that the victim of the [statements] . . . be embarrassed or annoyed, he must have suffered the kind of harm which has grievously fractured his standing in the community or respectable society." *Id.* (quoting *Scott-Taylor, Inc. v. Stokes,* 425 Pa. 426, 229 A.2d 733, 734 (1967)).

[2] Pennsylvania law requires the same threshold determination by the Court. *Kryeski v. Schott Glass Techs.,* 626 A.2d 595, 601 (Pa. Super. 1993), appeal denied, 639 A. 2d 29 (Pa. 1994).

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

website as quoted by Plaintiff in the Amended Complaint. Amended Complaint ¶ 3(d) (*see* page 3, *infra*).

**1. Clark's Post Is A Disagreement With Plaintiff Regarding Investment Advice, Not Defamation**

The statements made by Defendant Clark in the SeekingAlpha post are statements of opinion that cannot be proven true or false. To be defamatory, statements must be subject to being "reasonably interpreted as stating actual facts." *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 2 (1990).

> The dispositive question for the court is whether a reasonable fact finder could conclude that the published statements imply a <u>provably false factual assertion</u>.

*Moyer v. Amador Valley Joint High School Dist.,* 225 Cal. App. 3d 720, 724 (1990).

The *Moyer* case involved a student newspaper that published an unflattering article about the plaintiff, a teacher at the school. The allegedly defamatory statements were: (1) "Students terrorize [the plaintiff];" (2) "[the plaintiff] is a babbler;" and (3) "he is the worst teacher at [the school]." The court sustained the defendant's demurrer on the grounds that the foregoing statements could not be considered defamatory. *Id.* at 725. The Court of Appeal affirmed the court held that the "worst teacher" statement was not "capable of being proved true or false." *Id.* "Clearly, the statement is an expression of subjective judgment by the speaker." *Id.* The statement, in context, was also "simply an expression of anger or disgust." *Id.* Similarly, calling the plaintiff a "babbler" was an "exaggerated expression conveying the student-speaker's disapproval of plaintiff's teaching or speaking style." Finally, the use of the term "terrorize" was an "exaggeration of the actual event," "falling within the protectable category of rhetorical hyperbole." *Id.* at 726.

Dissecting Defendant Clark's SeekingAlpha post, there is no statement of fact that injurious to Plaintiff and provably true or false.

- "How exactly did you make money on this put trade again?"

This is framed as a question, although it indicates that Clark questioned Plaintiff's investment opinions. Suggesting that Plaintiff was giving poor advice on a dollar value at which to short a stock is a difference of opinion, not a statement of fact.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

- "And you doubt the rationale that they will be profitable in FY09? They are roughly break even right now and have substantial net losses . . ."

The bulk of the post is Clark stating his grounds for disagreeing with Plaintiff regarding the business prospects for Myriad Genetics. Again, these are disagreements of opinion, not factual assertions demonstrably true or false.

- "Stick with collecting degrees, Doc. Maybe try English next -- one datum leads but many date leads."

Again, this is not a factual statement. The statement may be insulting but like with the "babbler" and "worst teacher" insults in *Moyer,* the statement is "rhetorical hyperbole," not defamation. The statements of Clark on their face appear to be nothing more than a gratuitous criticism of the opinion of another.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

**2. To The Extent That Clark's Post Might "Mischaracterize" Plaintiff's Previous Statements, Such A "Mischaracterization" Is Not Defamatory**

In the Amended Complaint, Plaintiff contends that the post by Clark "misrepresented" Plaintiff's "position." In other words, the act of defamation is misstating someone else's opinion. As a threshold matter, it is unclear that mischaracterizing someone else's opinion is a potentially defamatory statement of fact. Plaintiff alleges two "mischaracterizations" of his opinion by Clark:

- [Clark] stated that I had advised shorting MYGN at 41, when in fact I had done so at 55.
- [Clark] stated that I was skeptical about Myriad Genetics becoming profitable, when in fact wrote that I was skeptical that the burn rate would go down significantly since most of the Flurizan expenses had already taken place, and that there was a pipeline of compounds being developed that would still require expenses

Amended Complaint § 3(d) and (e). Because Plaintiff quotes the Clark post in his pleading, the Court can look at the actual statement and see that Clark has not stated a price at which Plaintiff supposedly advised shorting the stock.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

The second "mischaracterization" above, as alleged by Plaintiff, is not a misrepresentation of any kind because it is a distinction without a difference. Plaintiff is clearly critical of the prospects for Myriad Genetics -- he has advised investors to short the stock. Plaintiff only takes issue that Clark did not precisely restate in his own post the reasons Plaintiff had previously stated for being pessimistic about the company. The gist is exactly the same and there is no meaningful "mischaracterization" by Clark.

By stating that the stock price closed at $41.25 on May 13th, and asking "how exactly did you make money on this put trade again?," to a member of the public reading the post, Clark is questioning Plaintiff's advice. Plaintiff contends that the foregoing statement is a mischaracterization of the price at which Plaintiff had advised shorting the stock. Even if a finder of fact could infer that Clark misrepresented Plaintiff's previous opinion as to a good price at which to short a stock, such a "misrepresentation" would not be defamatory. Such "mischaracterizations of someone's position" (Amended Complaint ¶ 3(i)) in no way expose Plaintiff to hatred, contempt, or obloquy. *See Oberkotter v. Woolman,* 187 Cal. 500, 504 (1921). Nor would such a mischaracterization be a statement that "tends directly to injure [Plaintiff] in respect to his office, profession, trade, or business that has a natural tendency to lessen its profits," or "by natural consequences, causes actual damages." Cal. Civ. Code § 46. Plaintiff essentially is contending that he is a paid financial industry blogger, and that one post criticizing a previous blog entry has cause grievous harm to him. The Court, as a matter of law and sound public policy, should not enter this fray and leave this "flaming" right where it belongs - - on the SeekingAlpha website, where both Plaintiff and Clark may continue to exercise their First Amendment rights and voice their opinions about a company's business prospects, appropriately limited by the website or internet service provider rules regarding conduct of participants in the forum.

**C. <u>The Statements Of Defendant RS Investments' General Counsel Are Not Defamatory</u>**

The only actual statement of the other defendant, RS Investments,[3] as alleged by Plaintiff,

[3] By addressing this allegation by Plaintiff, Defendants do not waive the attorney-client privilege. Plaintiff does not attach the actual communication by Douglas, which the Court could

is that the general counsel of RS Investments, Ben Douglas, called Plaintiff a "delusional egomaniac."[4] This statement is not defamatory because it is not provably true or false. It is simply a statement of opinion. Even if hurtful and vitriolic, it is only an opinion, such as the "babbler" and "worst teacher" comments that were not actionable as a matter of law in the *Moyer* case. 225 Cal. App. 3d at 725.

**D. <u>Plaintiff Has Not Alleged All Elements Of Defamation</u>**

Moreover, while Plaintiff arguably alleges some of the elements necessary to support a cause of action for defamation, his Amended Complaint fails to allege all required elements. Specifically, Plaintiff's Amended Complaint fails to state with particularity the recipients of the alleged defamatory comments by Defendants, fails to state that any recipients understood the remarks to be a reference to Plaintiff, and most significantly fails to allege either that the statements have a natural tendency to injure or caused special damage. *Duste v. Chevron Products Co.,* 738 F. Supp. 2d 1027, 1041 (N.D.Cal. 2010). Plaintiff contends that he sustained damages in two forms: (1) his consulting income dropped by more than $200,000, a drop Plaintiff does not claim "to be all due to [Defendant] Clark," but rather that he claims merely "had a not insignificant effect;" and (2) he was denied a $150,000 grant from the National Institutes of Health for clinical studies "and one of the comments related to the dispute at hand." Amended Complaint ¶¶ 5(a) and (b). These could be considered "actual damage" under Civil Code section 46, but Plaintiff has not alleged how Clark's post could have caused such damages. For example, Plaintiff does not allege the identity of the persons who denied him the NIH grant and that those persons read Clark's post and denied the grant because of it. Accordingly, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and therefore must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Honorable Court dismiss Plaintiffs Amended Complaint for lack of personal jurisdiction and/or for failure to state a

---

see should be considered attorney-client privileged.

[4] Plaintiff has not even identified RS Investments correctly.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

claim on which on which relief may be granted.

DATED: June 16, 2011          SHARTSIS FRIESE LLP

                              By: */s/ Robert Charles Ward*
                                     ROBERT CHARLES WARD

                              Attorneys for Defendants
                              CHRISTOPHER CLARK AND RS
                              INVESTMENTS

4152\107\1717451.2

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111