SHARTSIS FRIESE LLP
ROBERT CHARLES WARD (Bar #160824)
rward@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA  94111
Telephone:  (415) 421-6500
Facsimile:  (415) 421-2922

Attorneys for Defendants
Christopher Clark and RS Investments

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KETAN DESAI,<br><br>       Plaintiff,<br><br>v.<br><br>CHRISTOPHER CLARK and RS<br>INVESTMENTS,<br><br>       Defendants. | Case No.  C11-01809 DMR<br><br>**REPLY MEMORANDUM IN SUPPORT<br>OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:      July 28, 2011<br>Time:     11:00 a.m.<br>Judge:   Magistrate Donna M. Ryu |

The Court should grant the motion to dismiss of defendants Christopher Clark and RS Investments (collectively "Defendants").  Defendants' motion is not properly opposed by Plaintiff and nothing in Plaintiff's submission of June 26, 2011, establishes that all elements of a legally cognizable cause of action for defamation have been pleaded.

## I.   THE COURT SHOULD DISREGARD PLAINTIFF'S EMAIL OF JUNE 26, 2011

Throughout the history of this case while in the Eastern District of Pennsylvania, Plaintiff Ketan Desai ("Plaintiff") showed a consistent disregard for rules of procedure.  This continues with his June 26, 2011 email to the Court, which appears to be an attempted opposition to Defendants' motion to dismiss.  The document and its manner of delivery fail to comply with Northern District Local Rules 3-4 and 5-5.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**II.     PLAINTIFF'S OPPOSITION FAILS TO EXPLAIN AWAY THE FAILURE TO PLEAD A CAUSE OF ACTION FOR DEFAMATION**

Plaintiff does not dispute that the Court must make the threshold determination of whether the statements can be defamatory.  Therefore relying on the California case law defining what statements can and cannot be defamatory, the Court can and should grant the motion to dismiss.

Plaintiff's opposition does not contest that, based on the California case law cited in Defendants' motion, the insulting comments by Defendant Clark regarding Plaintiff's education ("stick with collecting degrees") and the general counsel of RS Investments ("delusional egomaniac") are not defamatory as a matter of law.  While these statements are clearly insulting, they cannot be proven either true or false and therefore cannot be defamatory.[1]

Plaintiff's implicit concessions in his opposition narrow the entire case down to a single purported false statement by Defendant Clark: that Clark misstated the price at which Plaintiff had recommended shorting the stock of Myriad Genetics.  Plaintiff's pleadings and arguments fail to establish that such a statement, even if a misrepresentation of fact, can be defamatory.

First, falsity alone does not establish defamation.  Falsity is just one of a number of elements of a *prima facie* case of defamation and Plaintiff's pleadings fail to establish that a misrepresentation of an opinion as to a good price at which to short a stock can also be defamatory and have a "natural tendency to injure him in his occupation."  Cal. Civ. Code § 45.  At some point, Plaintiff must plead how the statement is defamatory and injurious to him and his profession, rather than just summarily concluding as much.  Plaintiff has not pleaded or explained two elements of the *prima facie* case with regard to Defendant Clark's supposed misrepresentation of the price at which Plaintiff recommended shorting the stock of Myriad Genetics.

As explained in Defendants' moving papers, Plaintiff and Defendant Clark were two people following the stock of a company with different opinions about its prospects.  They argued about the prospects of the company on an internet blog, with both clearly expressing opinions

---

[1]  In paragraph E of his "Discussion/Argument," Plaintiff inappropriately refers to a fact not pleaded and a fact that would be inadmissible anyway as a settlement communication.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS

1    rather than facts about Myriad Genetics. On internet blogs and bulletin boards, people disagree

2    and call each other names all the time. Plaintiff has failed to plead facts showing that this

3    particular exchange was defamatory and injurious. Plaintiff cannot rely on a conclusory

4    argument that one blog post misstating a short price has "a natural tendency" to injure. Plaintiff

5    simply has not alleged how anything that happens on the SeekingAlpha website could harm, or

6    has harmed, Plaintiff's consulting business.

7    **III.    CONCLUSION**

8         The Court should grant Defendants' motion to dismiss for failure to state a claim.

9

10   DATED:        July 7, 2011                    SHARTSIS FRIESE LLP

11

12                                                By: _/s/ Robert Charles Ward_____
                                                       ROBERT CHARLES WARD

13                                                Attorneys for Defendants
                                                  CHRISTOPHER CLARK AND RS
14                                                INVESTMENTS

15   4152\107\1731685.3

16

17

18

19

20

21

22

23

24

25

26

27

28

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No.                    REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
C11-01809 DMR                          MOTION TO DISMISS

**PROOF OF SERVICE**

I, Janis L. Ing, declare:

I am a citizen of the United States and employed in the City and County of San Francisco, California by Shartsis Friese LLP at One Maritime Plaza, Eighteenth Floor, San Francisco, California 94111. I am over the age of eighteen years and am not a party to the within-entitled action.

On July 7, 2011, at Shartsis Friese LLP located at the above-referenced address, and, pursuant to California Rules of Court, Federal Rules of Civil Procedure, Civil Code of Procedure, and local rules, I served on the interested parties in said cause a copy of the within document(s):

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid in accordance with the firm's practice, of which I am familiar, of collection and processing correspondence for mailing on the same day to the person(s) at the address(es) set forth below:

☒ by consigning the document(s) listed above to an express delivery service for guaranteed delivery on the next business day to the person(s) at the address(es) set forth below:

Ketan Desai
1175 Spring Road
Easton, PA 18040

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 7, 2011, in San Francisco, California.

_____
Janis L. Ing

Case No.
C11-01809 DMR

PROOF OF SERVICE